IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANNY ELDRIDGE, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 24-00194-KD-B |
| MICHAEL GRANTHUM, *et al.*, | * |
| Defendants. | * |

## ORDER

This matter is before the Court on two related motions filed by Plaintiff Danny Eldridge, a Dallas County, Alabama, pretrial detainee currently housed at Perry County PREP Center, namely, "Motion to Supply" (Doc. 8) and "Ex Parte Motion to Proceed and to Supply." (Doc. 11). In his motions, Eldridge requests that the Court send him copies of all documents filed in this case, as well as "postage & envelopes to mail required documents to this Court." (Doc. 8 at 1; see also Doc. 11). Eldridge also requests that this action be placed on the Court's trial docket. (Doc. 11 at 1-2). The Court addresses Eldridge's motions in turn.

Eldridge's requests for copies of all documents filed in this case (Docs. 8, 11) are **GRANTED IN PART and DENIED AS MOOT IN PART**. A review of the docket reveals that copies of some of the documents filed in this case to date have previously been sent to Eldridge, including: the Notice of Docketing (Doc. 2); the Order dated June 20, 2024 (Doc. 3); the Order dated July 2, 2024 (Doc. 5); the

amended complaint (Doc. 6)[1]; the Order dated October 16, 2024 (Doc. 13); Notice of the Endorsed Order dated October 22, 2024 (Doc. 16); the Order dated November 5, 2024 (Doc. 19); Notice of the Endorsed Order dated November 22, 2024 (Doc. 21); and the Order dated December 3, 2024 (Doc. 22), as well as this Court's forms for a § 2241 habeas petition, a § 2254 habeas petition, a § 1983 prisoner complaint, and a motion to proceed without prepayment of fees in a prisoner action. (See Docs. 2, 3, 5, 13, 14, 16, 19, 21, 22). Additionally, copies of the docket sheet for this civil action and for Civil Action No. 2:24-00270-KD-B were mailed to Eldridge on October 2, 2024. (Doc. 10). Another copy of the docket sheet in this civil action was mailed to Eldridge on October 16, 2024, together with court forms requested by Eldridge. (Doc. 14). After due consideration, the Clerk is **DIRECTED** to send Eldridge copies of Docs. 1, 4, 7, 8, 10, 11, 12, 14, 15, and 20, together with a copy of the current docket sheet for this case. Etheridge is advised that it is his responsibility to maintain copies of orders and other documents sent to him by the Court.

Eldridge also alleges that he cannot "afford to buy postage, paper, envelopes, and pens"; that the "jail does not supply writing material to indigent inmates"; and that he "sells trays of food to

---

[1] A duplicate copy of Eldridge's amended complaint was docketed on August 2, 2024. (Doc. 9). For simplicity's sake, the Court will only refer to the amended complaint docketed on August 1, 2024. (Doc. 6).

2

afford to mail motions and other legal paperwork to the courts and letters to family." (Doc. 8 at 1). After due consideration, Eldridge's request for postage, paper, envelopes and pens is **DENIED without prejudice** at this time. Focusing on an indigent inmate's right of access to the courts, the United States Supreme Court observed in Bounds v. Smith, 430 U.S. 817, 824-25 (1977), that "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." Although the Supreme Court subsequently curtailed the sweeping breadth of its Bounds decision, see Lewis v. Casey, 518 U.S. 343 (1996), the Eleventh Circuit has recognized the state's obligation to provide indigent inmates with paper, pen, and stamps. See Hooks v. Wainwright, 775 F.2d 1433, 1436 (11th Cir. 1985); Procup v. Strickland, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). There are limitations, however, on the state's obligation. For example, "[t]he constitutional right to access the courts entitles indigent prisoners to some free stamps as noted in Bounds but not unlimited free postage . . . ." Hoppins v. Wallace, 751 F.2d 1161, 1162 (11th Cir. 1985) (per curiam) (holding that postage for two first-class letters a week was adequate to allow reasonable access to the court). Moreover, the state's obligation runs only to postage for legal mail, not non-legal mail. Van Poyck v. Singletary, 106 F.3d 1558, 1559 (11th Cir. 1997) (per

3

curiam) (agreeing with the Eighth Circuit "that 'indigent inmates have no constitutional right to free postage for nonlegal mail'") (quoting Hershberger v. Scaletta, 33 F.3d 955, 956 (8th Cir. 1994)). This Court has determined that Eldridge is indigent and entitled to proceed without prepayment of fees in this action. (See Doc. 13 (Order dated October 16, 2024, granting Eldridge's motion to proceed without prepayment of fees in this action)). The Court observes that Eldridge has succeeded in filing numerous pleadings and documents in this action and in his related habeas case; thus, there is nothing to suggest that his "access to the courts" has been impeded to date. Eldridge's second amended complaint[2] is due to be filed on or before January 6, 2025,[3] after which the Court will review it to determine whether it is legally sufficient or whether it suffers from the same pleading deficiencies that afflicted Eldridge's amended complaint. If

---

[2] The Court previously identified numerous pleading deficiencies in Eldridge's amended complaint (Doc. 6) and directed Eldridge to file a second amended complaint. (Doc. 13).

[3] The Court originally directed Eldridge to file a second amended complaint on or before November 15, 2024. (Doc. 13). However, this filing deadline has been extended for various reasons. Because of mail delivery issues (see Docs. 17, 18), the Court extended the deadline for Eldridge to file his second amended complaint to December 5, 2024. (Doc. 19). Eldridge subsequently filed a motion for an extension of time to file the second amended complaint in order to secure the "dates, times, and full names (and possibly addresses) to certain Defendants." (Doc. 20). The Court granted that extension request and ordered Eldridge to file a second amended complaint on or before January 6, 2025. (Doc. 21).

Eldridge's second amended complaint survives the mandatory review process under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court will direct the Clerk to serve process on the Defendants.  Once the Defendants are served and have appeared, Eldridge may re-file his motion seeking free paper, postage, envelopes, and pens if he believes he is still being denied access to those materials.[4]

Finally, Eldridge's request for a trial setting, (Doc. 11), is **DENIED without prejudice**.  At this juncture, it would be premature to set this matter on the trial docket before the Court determines whether Eldridge's second amended complaint survives the mandatory review process mentioned above.

**DONE** this **3rd** day of **January, 2025.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Because of the procedural posture of this litigation, no representative of the jail and/or state has been served or has filed an appearance in this action.

5