# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

## PRISONER COMPLAINT
## [FOR INMATE ACTION] UNDER 42 U.S.C. § 1983

Danny Eldridge
_____
Name under which you were convicted

849
_____
Your prison number

CIVIL ACTION NO. 2:24-cv-00194-KD-B
(To be supplied by Clerk of Court)

FILED - USDC ALSD
AUG 13 '25 PM 2:29

vs.

Dallas County Sheriff Michael Granthum, et. al.
_____
Name of Defendant(s)

Dallas County Inmate Housed at
_____
Place of Confinement and Address

Physical Address:
Perry County P.R.E.P. Center
4805 Hwy 80 East
Uniontown, Al. 36786

Mailing Address:
Danny L. Eldridge; Detainee
℅ Dallas County Sheriff's Office
P.O. Box 531
Selma, Al. 36702-531

## INSTRUCTIONS - READ CAREFULLY

A. **Complaint Form.** You must file your original complaint and a copy for each named Defendant. Your complaint must be <u>clearly</u> handwritten or typewritten. Do not use the back of a page. Your complaint must be signed by you; no notary is required. <u>Any false statement of material fact may serve as the basis for prosecution for perjury.</u>

B. **Proper Court.** Your complaint can only be brought in this Court if a defendant is located in the Southern District of Alabama and the rest of the defendants are located in Alabama or if your claim arose in this district. The Southern District of Alabama is comprised of the following counties: Baldwin, Clarke, Choctaw, Conecuh, Dallas, Escambia, Hale, Marengo, Mobile, Monroe, Perry, Washington, and Wilcox.

C. **Separate Case.** It is necessary to file a separate complaint form for each claim unless the claims are related to the same incident or issue.

D. **Defendants.** The persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action. A defendant's present address must be provided. The Court is unable to serve process without the present address being furnished. The first defendant listed in section III should be the defendant that you list in the style of your case on your complaint form and motion to proceed without prepayment of fees and costs, if applicable, and any other pleading filed with the Court.

Rev. 12/1/2020

E. <u>Pleading the Complaint</u>. Your complaint <u>should</u> <u>not</u> contain legal arguments, case law or statutory citations. You are required to provide facts. Your complaint shall be a <u>short</u> and <u>plain</u> statement of your claim and shall provide fair notice <u>to</u> <u>each</u> <u>defendant</u> of the claim against that defendant and of the factual grounds upon which the claim rests.

F. <u>Fees</u>. This complaint cannot be properly filed unless it is accompanied by the $402.00 filing fee, or a motion to proceed without prepayment of fees if you are unable to afford the filing fee and other costs associated with prosecuting this action. If IFP is granted the filing fee is $350.00.

If you are unable to pay the filing fee and service costs for this action, you may ask the Court to let you proceed without prepayment of fees and costs. A blank motion for this purpose is included.

If you wish to proceed without prepayment of fees and costs, you must complete and mail to the Clerk of Court a copy of the "Motion to Proceed Without Prepayment of Fees" mailed to you with this complaint. This motion will be returned to you without action unless you have an authorized officer at the jail or prison complete the financial statement mailed to you with this form.

Even if the Court authorizes you to proceed without prepayment of filing fees, you are obligated to pay the full $350.00. If you have the ability to pay a partial filing fee when your complaint is filed, you will be required to pay an amount, based on your assets, of up to the greater of 20 percent of your average monthly balance in your prison account or your average monthly balance for six months immediately preceding the filing of your complaint. Thereafter, your prison account will be garnished at the rate of 20 percent of your monthly income until the filing fee is paid.

G. <u>Form of Pleadings</u>. All pleadings and other papers filed <u>must</u> be on 8 1/2" x 11" paper, <u>legibly</u> handwritten or typewritten. Every document filed after the complaint must have the style of the case and the <u>docket</u> <u>number</u>. Every pleading must be signed by you and must contain your address and telephone number, if any; otherwise, the pleading <u>will</u> <u>be</u> <u>stricken</u>. <u>See</u> Fed. R. Civ. P. 11(a). No notary is required.

H. <u>Certificate of Service</u>. Each pleading filed after the complaint <u>must</u> contain a certificate of service indicating that the pleading has been served on the opposing parties and the date that it was sent. A pleading <u>will</u> <u>be</u> <u>stricken</u> if it does not contain this certificate of service. <u>See</u> Fed. R. Civ. P. 5.

I. <u>Copies</u>. This Court <u>will</u> <u>not</u> make copies of your complaint or pleadings unless you prepay the required per page copying fee.

J. <u>Form of Pleadings</u>. <u>Do</u> <u>not</u> write letters to the Court. All pleadings and documents should be sent to the Clerk of the Court, and not to a magistrate judge or a district judge.

K. <u>No Evidence</u>. No evidence shall be sent to the Court for filing or storing.

**I. PREVIOUS LAWSUITS.**

A. Have you filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action:
    Yes ( )    No (X)

B. Have you filed other lawsuits in state or federal court relating to your imprisonment:
    Yes ( )    No (X)

C. If your answer to questions A or B above is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using this same outline.)

    1. Parties to this previous lawsuit:

Plaintiffs: _____

_____

Defendants: _____

_____

    2. Court (if federal court, name the district; if state court, name the county): _____

_____

    3. Docket Number: _____

    4. Were you granted the opportunity to proceed without payment of filing fees?
    Yes ( )  No ( )

    5. Name of judge to whom the case was assigned: _____

    6. If your case is no longer pending and has been dismissed, state the reason given by the Court as to why your case was dismissed, i.e., frivolous, malicious, failed to state a claim, defendants were immune, etc.

_____

_____

_____

    7. Approximate date of filing lawsuit: _____

    8. Approximate date of ruling by court: _____

## II. YOUR PRESENT COMPLAINT.

A. Place or institution where action complained of occurred: Dallas County Jail & Perry County P.R.E.P. Center Being housed for the Dallas County Jail & guarded by Dallas County Guards

B. Date it occurred: _____

C. Is there a prisoner grievance procedure in this institution? NO

D. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes (✓)   No ( )  when there was one

E. If your answer is YES:

   1. What steps did you take? Electronic & paper requests & grievances were filed, as well as letters & calls from friends & family.
   2. What was the result? None

F. If your answer is NO, explain why not: _____

G. Your claim (briefly explain your claim: what, when, where, who; do not cite cases; you may, without leave of Court, add up to five (5) additional pages if necessary):

The one ongoing circumstance that binds my entire complaint from Apr. 5, 2019 to the present date is my ongoing incarceration at and for the Dallas County Jail and under the care and guard of its staff, and those hired by the Dallas County Sheriff's Office/Department for the care, wellbeing, and security of Inmates of the Dallas County Jail.

(1) From the day of my arrest, Apr. 5th, 2019, I've requested to see a psychiatrist or psychologist at Cahaba Mental Health, Selma, yet it was not until Sept. 2019 that I was taken. Cahaba had set my next appointment for Oct. 2019 but for some reason I was not taken. Sheriff Granthum or someone at the Sheriff's office is responsible for arranging transport of inmates from the Jail to outside appointments. After complaining for 2 months I was taken to Rural Health, Selma to see their Psychiatrist. It was a virtual appointment. For some reason unknown to me, I was not taken to my Jan. 2020 appointment. I was still given my mental health medications Wellbutrin and Seroquel until Feb. 7, 2023 when I was taken off of the Seroquel (which is an antipsychotic) with no forewarning or replacement. Since my last psychiatric appointment in Dec. 2019 I have filled out a great many electronic and paper Medical requests to be sent back to Cahaba Mental Health, written letters to the Sheriff and even had friends and family call the Sheriff's Office trying to have me sent for monthly visits and to have my medication adjusted as needed and have a replacement for my Seroquel prescribed. I have been a mental health patient since elementary school and have been in mental health programs throughout all my school years including special schools like F.C.D.C. (Family & Child Development Center) and F.A.D.C. (Family & Adolescent Development Center) both in Dade County, Florida. I was hospitalized at Miami Childrens Hospital (Miami, Florida) for a year for attempted suicide.

4

II. Your Present Complaint: Continue.[1]

G. Continued

[1A] I suffer from P.T.S.D. (Post Traumatic Stress Disorder), Chronic Depression, Border-line Bipolar, Anxiety. I've also been diagnosed as S.E.D. (Severly Emotionally Disturbed) and E.H. (Emotionally Handicapped). I suffer from night terrors and have problems controlling my anger. I am unable to obtain my psychological records. Due to financial problems I was not always able to afford to pay for my medications and counseling. Earlier this year Nurse Practitioner, Dr. Lakimbrell Marshall, Ph.D., asked me if I would rather be treated by Cahaba Mental Health instead of "in house" (which is now existant), I told her I would, but still have not been sent. Nurse Leslie Davis has to see inmates before they see the Doctor and she has told me that I would not be sent to Cahaba Mental Health even before my talking to Nurse Practitioner, Dr. Marshall. Nurse Davis even made the comment that it would be faster for me if I got a Court Order to be sent to Cahaba even though I have explained my past Mental Health history to both Nurse Davis and N.P. Dr. Marshall. I've explained to Nurse Davis and N.P. Dr. Marshall that during my incarceration I have lost my niece and 4 other close people, almost lost my nephew, found out one of my sisters has a brain tumor while my oldest sister has to deal with my mother who has Alzheimer's and has to hold down a full time job to just pay bills, even though she herself should be on disability due to hereditary headaches. Just recently Dr. Sai Namburu, M.D. is who we see instead of N.P. Dr. Marshall, refused to send me to Cahaba Mental Health after Nurse Davis said "This is Danny Eldridge, he's the residential complainer I told you about.". Attachment G list of former Medications

[2] My suffering from migraine headaches is well documented in my Jail Medical Record, Vaughn Regional Medical Center (Selma) and with Neurologist Dr. Friaze(?) who has an office on Board Street in Selma. I even had a Disability case going with the Social Security Office with Med Data representing me. Early in my incarceration the Doctor at the time put me on Excedrin Migraine "as needed". When N.P. Dr. Marshall took over, because the Doctor had suffered a stroke, she took me off of the Excedrin and placed me on several other medications including Depakote which is for seazures that I don't suffer from. There were times I couldn't even get my prescription meds, much less any over the counter (OTC) Tylenol. I have written Sheriff Granthum about this problem as well as have had my family and friends call the Sheriff's Office due to Officers ignoring my requests and me going days even weeks without anything for one of my headaches. I sent mesages to Warden Coleman and Lt. Huffman about not being given OTC Tylenol, even though it was prescribed to me. Between 9-1-22 and 9-27-22, 26 days, I suffered with a headache because I couldn't get any Tylenol, during that time I had been seen by N.P. Dr. Marshall who put me on Tylenol "As Needed", on 9-7-22 because she took me off the "As Needed" Excedrin Migraine over a week prior. I had put in an electronic "sick call" on 9-6-22 yet on 9-9-22 I sent Nurse Davis a message, Warden Coleman and Lt. Huffman (then a Sergeant) about not getting any OTC Tylenol with Officers saying "the Nurses cart is locked up and we can't get into it". On 9-16-22 I again messaged Lt. Huffman at 5:03pm, 7:51pm, and 8:41pm begging for something to kill the pain in my head. It took an officer on the next shift that had some Excedrin Migraine to get something for my migraine. The next shift started at 11pm. I messaged Warden Coleman on 9-27-22 about Officers not giving me the "As needed" Tylenol for my headaches and had my family call the Sheriff's Office.

[3] On June 14, 2025 I had asked an officer for some of the O.T.C. Tylenol I was prescribed "As Needed" by N.P. Dr. Marshall and was told I had been taken off of the "As Needed" list by Dr. Namburu. I asked for a sick call form everyday until being given one June 23rd or 24th. I filled it out and seen by Nurse Davis on June 25th. She could have given me some Tylenol but didn't saying I had to see Dr. Namburu to be re-evaluated. On June 21st I had my sister call the Jail (Perry County P.R.E.P.) and talk to an officer from Dallas County Jail about having a nasty migraine. She told me I need to tell them I needed to go to the hospital but the officer refused to even call the Nurse or Doctor. I missed a virtual visit with my sister, brother in law and niece on June 22, due to my migraine. On June 26th at about 6:30pm Lt. Huffman refused to give me any Tylenol even though I had seen Nurse Davis the day before and refused to send me to the hospital saying I had to see Nurse Davis and that she didn't care that I had had a migraine since the 14th. On June 28th an Officer having simpathy for me brought me some Tylenol that at least lessened my migraine a little. On July 10th I got to see Dr. Namburu and explained to him that I still had a migraine, was seeing spots, couldn't keep food down and was having to have earplugs in at all times due to the noise and my head covered due to the light. He prescribed me 2 Tylenol as needed once a day and no more, and he too refused to have me sent to the hospital. My 2 Tylenol were not given to

II. Your Present Complaint: Continue (2)

G. Continued

me until 2 days later.

(4) I signed up for sick call back in Jan. 2025 about a tooth that broke and showed Nurse Davis and N.P. Dr. Marshall the tooth and told them about the pain it was causing me. In Apr. 2025 I had to sign up for sick call again due to an abscessed tooth and it took 2 weeks and 2 visits with Nurse Davis before she took a picture to send to N.P. Dr. Marshal to be placed on an antibiotic. I've been told since Jan. that my name is the first on the list to be sent to the Dentist. I've had family call the Sheriff's office and complain about the wait and the pain I'm in. The Nurse is not here daily to pass out medication leaving that to the Officers to do, which some of them do with bare hands and sick. The Officers get to make the decision as to whether or not they should call an ambulance and even have to treat bad cuts and seazures because there is no nurse and an ambulance would take close to 30 minutes to get to the Perry County P.R.E.P. Center from Selma.

(5) I was arrested in Jan. 2010 for Receiving Stolen Property and the Dallas County Jail didn't have an Inmate Handbook of Rules, Regulations, or Policies. When I was arrested in Apr. 2019 the Dallas County Jail still didn't have an Inmate Handbook. I've asked some of the 45+ year olds that have been doing time in and out of the Dallas County Jail since they turned 18 and none of them were ever given an Inmate Handbook.

5A] The average inmate has no clue as to their rights, privileges, or immunities secured by the U.S. Constitution or laws of the United States. Those of us that have never studied law couldn't tell you any of the Amendments to the U.S. Constitution. Most of these guys don't even know what their Maranda Rights are much less what a Rule 32, Habeas Corpus, 1983 Complaint or any other legal Writ is. We have no access to such material. Prior to my filing of the first Complaint (Document 1 filed 6-17-24) I had never heard of of a 1983 Complaint or an In Forma Pauperis. Had the nephew of Civil Rights Attorney, Rose Sanders, a law student named Khari Varner, not been locked up with me and told me to write Document 1 and send it to this Honorable Court. Without a law library Inmates can not learn anything of Laws, rules of court, the Federal Rules of Civil Procedures, the U.S. Constitution, Alabama Constitution, Rules of Criminal Procedures, or the rights, privileges, or immunities secured by the U.S. and State Constitution. These are things that the Jails and a good many lower local Courts don't want inmates to know, expecially if they are indigent. If we ask our Attorneys for the laws that cover our charges we are told not to worry about that, expecially if that lawyer is Court Appointed. I'm going through "trial & error" when it comes to appealing rulings from the trial court Judge on motions I had filed which the Judge Denied. I had filed a Notice of Appeal with both the Circuit Court and the Alabama Court of Criminal Appeals not knowing that the Circuit Court is supposed to forward a Notice of Appeal to the Alabama Court of Criminal Appeals. Said Notice was filed with the Circuit Court yet never forwarded to the Appeals Court so I filed a letter with the Alabama Court of Criminal Appeals which was handled as a Writ of Mandamus (another Writ I had just learned about). On Apr. 25, 2025 the Alabama Court of Criminal Appeals issued an Order (which I didn't receive until I called on June 9th and received on June 18th) transfering said petition back to the trial Court Judge to handle, which has not happened as the Notice of Appeal still hasn't been forwarded to the Alabama Court of Criminal Appeals. Please see Attachment B.

5B] I have written letters to several Civil Attornies, "Accident Attornies", ACLU, State and Fed. D.O.J. back in 2020 up to the 21st of July 2025 and Julien McPhillips (now passed away) was the only one to write me back saying he nor his lawfirm could take the case but refered it to Congress Woman Terri Sewell. I never heared from her. I do not know if my letters ever made it out of the Jail. We have inmates that don't know how to read or write and have no one to explain things to them (unless they have a paid Attorney) and there is no educational classes at all so the inmates who are ignorant to law and the workings of the Court and can read have no way to look up even what their charges carry for a sentence or if the law enforcement officers, lawyers, or Judges have even followed the laws which they have sworn to uphold.

5C] Had I known about the 1983 Complaint back in 2020, I would have filed it due to the conditions of the jail and that there were no fire sprinklers and I was forced to endure 3½ hours of thick black smoke because of a fire the inmates started, a disabled smoke alarm system, and Officers not doing their rounds, and in Feb. 2022 when I suffered with heart papitations

II. Your Present Complaint: Continued [3]

G. Continued

for 5 hours before seeing paramedics and waiting another hour for Warden Coleman to come take me to the hospital, because there were only 2 officers working the whole jail and they couldn't spare anyone to ride in the ambulance, only to find out I had contracted COVID from an officer who was allowed to work sick, not forced to wear gloves or a mask.

5D. A law library offers a quiet place to work on ones case(s) and in some cases a safe place to store your legal papers/case work. Due to the TV(s), card games, phones, domino games, yelling, arguing, etc., jail is a very noisy place and it is very hard to concentrate and work on ones legal work. Prisons are not much better. Heck we can't even get the officers to get us any addresses to lawyers, phone numbers to Bail Bondsmen, much less to places like the Ala. DOJ, ACLU, Ala. Sup. Crt., Ala. Dept of Public Health, or any place that might put them under a microscope of investigation, same goes for getting the Ala. Bar Assoc. or Judicial Inquiry Commission addresses. I have aquired these addresses through a friend in the free world. I've had to send him a letter sealed in an envelope inside another envelope to mail for me just to make sure it got to it's destination. Being I have the "fundamental and Constitutional" rights to access the Courts, I also need the fundamental and Constitutional rights to the US and State Constitutions, laws, rules of court, and the ability to look up my rights, privileges and immunities secured by those Constitutions, laws, and rules of Court, as well as the Judicial Canons that Judges must follow and the Code of Ethics that Attorneys are to follow. Without unrestricted access to these rules, laws, Constitutions ect. one can not reasonably expect the average pre trial Inmate to know any of them. The Sheriff & Wardens Stevens, Coleman, and Suttles were asked about a law library.

5E. Between Apr. 2019 and the present date, the Dallas County Jail only gave out stamps, envelopes, paper and pens to people for 1½ months in Sept.-Oct. 2024, if ordered on the Canteen (Kimples) and it was available to everybody not just indigent inmates. If it had not been for me writing letters & motions for people or making letters, crosses and names out of strips of T-shirt & chip bags (see enclosed Letter "A") I would have never have been able to mail the original complaint much less all the mailings that followed. On occassion one of the officers will buy a box of envelopes out of their own pocket and hands them out to anyone who asks. These issues were brought to the attention of the Sheriff, and Wardens, past and present.

5F. On Apr. 21, 2025 Lt. Huffman informed me that she would no longer be notorizing anything and that she was not renewing her commission. From what I've been told she got into trouble for notarizing complaints against the Jail, but that's inmate talk. I don't know if it's true. I always mailed motions to the Circuit Court, Appeals Court, Ala. Supr. Crt., and this Court without them being notorized because it was great trouble to get Lt. Huffman to bring her Notary stamp in.

5G. Please see Attachment A for a list of letters and other things mailed that either never got to their destination, I never received, or took too long to be delivered, or never received a responce. This Court stated a quote from Al-Amin v Smith, 511 F.3d 1317, 1333 (11th Cir. 2008) "The right to send and receive mail exists under the First Amendment and such that interference with inmates mail, incoming or outgoing, may implicate an inmate's constitutional rights." However, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail." Davis v. Good, 320 F.3d 346, 351 (2d Cir. 2003). We are not told why we cannot receive mail from family & friends religious mail, or even order books, legal, religious or educational. When we were moved to Perry County P.R.E.P. Center back in Jan. 2023 all religious, personal and educational mail coming in stopped, with no explination.

5H. This Court has quoted and sited a great many case laws and rules and expect me to know them or refer to them, which is impossible without access to a law library. Due to not having a law library I didn't know the Ala. Rules of Appellate Procedures and my Petition for Writ of Mandamus in the Ala. Supr. Crt. was stricken for violating Rule 25A(c) of the Ala. R. App. P. which states I need the signature of the Attorney of Record. I filed a motion showing cause but my case was still stricken. Case No. SC-2024-0404, Ex Parte Danny Louis Eldridge.

6. At this present time we do not have a Notary to notorize any legal documents and both Warden Coleman and Sheriff Granthum have been informed about this problem.

## II. Your Present Complaint: Continued [4]

G. Continued

⑦ Due to not having a law library I don't know how to file a Petition for Writ of Certiorari properly (a writ I just learned about thanks to my sister in Texas doing research for me).

⑧ On March 24, 2021 I sent an electronic sick call form in to Nurse Davis requesting a knee brace as my right knee started giving out on me. I had already fallen a couple of times. I had torn my A.C.L. years before (it can be checked with Dr. Chitton, Sr. at the Selma Doctors Clinic, Selma, Al.). I have fallen many times since then dislocating my left thumb, hitting & bruising my arm and shoulder, I've even hit my head twice but I've been turned down for a knee brace by Nurse Davis, N.P. Dr. Marshall, and Dr. Namburu with the excuse that if they give me one then everybody else will want one. I don't need to hit my head on a steal bunk and split it wide nor do I need to do more damage to my knee when the County isn't going to pay to get it fixed, it's already so bad I can't walk more than 20 minutes before it won't hold my weight anymore. This problem has been brought to the Sheriff's attention by me and my family. I have explained this to Nurse Davis, N.P. Dr. Marshall, and Dr. Namburu yet they do not care. I am 50 years old and have been incarcerated for close to 6½ years with no way to properly excersize even though Dr. Allen, Cardiologist told me I need to lose weight back in 2022.

⑨ I am Judaeo Christian and I hold fast to the Christian faith, but also to some of the Jewish as well. It maters not as nobody of any religion has any religious services, Jewish, Christian, Muslim, etc. I was unable to celebrate Passover and my Muslim friend couldn't observe Ramadan. Reverand Michael Bowen (334-505-1723) has aske both Warden Coleman and Sheriff Granthum if he could see us as he comes to the Perry County P.R.E.P. Center to visit with the State inmate every week. He has been turned down every time. Nobody has had a religious service at the Dallas County Jail between Dec. 2019 & 2023 and at the Perry County P.R.E.P. Center between Jan. 2023 to present (those that are Dallas County Inmates anyway)

⑩ On July 31, 2025 it is $100^{+0}$ in our dorm/pod. Lt. Huffman gets mad because we hit the window (there is no call box) to get ice and have the exhaust fans turned on. She threatened to turn on the heat and said that the P.R.E.P. Center doesn't care about Dallas County Inmates and wont turn on exhaust fans. P.R.E.P. Center Warden is Warden Muhammad (no address except 4805 Hwy 80 East, Uniontown, Al. 36786. Don't know if Muhammad is his first or last name.

### III. PARTIES.

A. <u>Plaintiff</u> (Your name/AIS): Danny Louis Eldridge

Your present address:
Physical Address: Perry County P.R.E.P. Center, 4805 Hwy 80 East, Uniontown, AL 36786
Mailing Address: % Dallas County Sheriff's Office, P.O. Box 531, Selma, AL 36702-0531

B. <u>Defendant(s)</u>:

1. Defendant (full name) Michael Granthum is employed as Sheriff at Dallas County Sheriffs' Office

   His/her present address is Dallas County Sheriff's Office, 102 Church St. • Selma, AL 36701.

   (a) Claim against this defendant: Failure to ensure access to Court, Failure to ensure/provide Proper Medical & psychological care, Failure to provide Notary services, failure to provide Religious Freedom.

   (b) Supporting facts (Include date/location of incident):

   Dates range from Apr. 5, 2019 - to date. Locations: Dallas County Jail - 988 Selfield Rd. Selma, AL 36703 and Perry County P.R.E.P. Center, 4805 Hwy 80 East - Uniontown, AL 36786.

2. Defendant (full name) Leslie Davis is employed as Nurse at Dallas County Sheriff's Office for Dallas County Inmates.

   His/her present address is Dallas County Sheriffs Office, 102 Church St. - Selma, AL 36701.

   (a) Claim against this defendant: Failure to provide proper Medical and psycological care. Failure to pass out prescription medications.

   (b) Supporting facts (Include date/location of incident):

   Dates range from 2020 to date. Locations are Dallas County Jail and the Perry County P.R.E.P. Center.

3. Defendant (full name) Lakimbrell Marshall, Ph.D. is employed as Nurse Practitioner at Rural Health, Demopolis Alabama.

   His/her present address is 1502 US Hwy 80 East Unit A • Demopolis, AL 36732.

5

## III. Parties: Continue (1)

B. Cont.

4) Defendant: <u>Dr. Sai Namburu, Md.</u> is employed as <u>Medical Doctor for Dallas County Inmates at the Perry County P.R.E.P. Center</u>

His/Her present address: <u>Dallas County Sheriff's Office, 102 Church St. Selma, Al. 36701</u>

(a) Claim against defendant: <u>Failure to provide proper Medical & psychological care.</u>

(b) Supporting facts: <u>Dates are between June & July 2025 and present. Location is Perry County P.R.E.P. Center. Please see complaint paragraphs 1, 1A, 2, 3, & 8.</u>

5) Defendant: <u>Beverly Huffman</u> is employed as <u>Lieutenant, Dallas County Corrections at Dallas County Jail/Perry County P.R.E.P. Center.</u>

His/her present address: <u>Dallas County Sheriff's Office, 102 Church St. Selma Al. 36701</u>

(a) Claim against this defendant: <u>Failure to provide proper medical care and notary services, Threatening to turn on heat in the summer.</u>

(b) Supporting facts: <u>Dates are between Feb. 1, 2022 to the present. Locations are the Dallas County Jail and Perry County P.R.E.P. Center. Please see complaint paragraphs 2, 3, 5F, 6, and 10.</u>

6) Defendant: <u>Steve Coleman</u> is employed as <u>Warden for Dallas County Jail and Inmates housed for Dallas County Jail at the Perry County P.R.E.P Center.</u>

His/her present address: <u>Dallas County Sheriff's Office, 102 Church St. Selma, Al. 36701</u>

(a) Claim against this defendant: <u>Failure to provide proper medical & psychological services, failure to ensure access to court, failure to provide notary services, failure to provide religious freedom.</u>

(b) Supporting facts: <u>Dates are between 2022 and the present. Locations are the Dallas County Jail and Perry County P.R.E.P. Center. Please see Complaint paragraphs 2, 3, 5A-H, 6, 7, 9.</u>

7) Defendant: <u>Quinton Stevens</u> is employed as <u>Ex-Warden, Detective, at Dallas</u>

III Parties: Continue (2)

B. Cont.
County Jail & Dallas County Sheriff's Dept.
His/her present address: 102 Church St. Selma, Al. 36701
(a) Claim against defendant: Failure to provide proper medical & psychological care, failure to ensure access to court, failure to provide religious freedoms.
(b) Supporting facts: Dates range between 2019-2022, Location is Dallas County Jail. Please see Complaint paragraphs 1, 1A, 2, 5, 5A-5H, and 9.

8) Defendant: Moses Suttles is employed as Ex-Warden at Dallas County Jail
His/her present address: 102 Church St. Selma, Al. 36701
(a) Claim against defendant: Failure to provide proper psychological care and access to court.
(b) Supporting facts: Dates range between Apr. 5, 2019 - Nov. 2019. Location is the Dallas County Jail. Please see Complaint paragraphs 1, 1A, 5, 5A-5E

(a) Claim against this defendant: Failure to provide Medical and Mental health care.

(b) Supporting facts (Include date/location of incident):

Dates range between 2020 and the present. Locations are the Dallas County Jail and Perry County P.R.E.P. Center.

C. <u>Additional Defendants</u>: (If there are additional defendants, you may list them on separate pages using the same outline above).

IV. A. You must answer the following questions:

1. State the conviction(s) for which you are presently incarcerated: Rape 2nd, Sodomy 2nd, Pos Obscene Material X3, Desimination Obscene Material X3

2. When were you convicted? N/A

3. What is the term of your sentence? N/A

4. When did you start serving this sentence? _____

5. Do you have any other convictions which form the basis of a future sentence?
   Yes (✓)   No ( )

If so, complete the following:

(a) Date of conviction: 12-02-96/2007

(b) Term of sentence: 12 years / 5 years probations

6. What is your expected end of sentence (E.O.S.) date? 6-17-03/2012

B. If this present lawsuit concerns your criminal conviction or sentence, state whether your conviction has been:

|  | Conviction | Sentence |
|---|---|---|
| Reversed | yes( ) no(✓) | yes( ) no(✓) |
| Expunged | yes( ) no(✓) | yes( ) no(✓) |
| Invalidated | yes( ) no(✓) | yes( ) no(✓) |

6

Writ of habeas  yes( ) no(|)        yes( ) no(|)
corpus granted

C. If you answered yes to any of the questions, state the Court or entity that relieved you from your conviction or sentence and the date: _____

_____

V. State briefly exactly what you want the Court to do for you if you win (make no legal argument, cite no cases or statutes):

① Properly Repremand each Defendant along with a lump sum of $250,000,000 from the Defendants ② $50,000,000 for pain, suffering and Mental anguish. ③ A proper Jail to be built with Medical & psychological facilities, educational and religious services, and an up to date law library, notary, and legal stationary, Postage and pens given to indigent inmates - as needed. Full time Nurse to assess emergencies and pass out medications, one that is approved to house Federal Inmates with Federal regulations & free calls to Attorneys & Court.

VI. **AFFIRMATION**. By my signature below, I swear or affirm under penalty of perjury that the facts set out in this complaint are true and correct.

7-31-2025
Date

_____
(Signature of Plaintiff Under Penalty of Perjury)

Danny Eldridge : Detainee
c/o Dallas County Sheriffs Office
P.O. Box 531, Selma, Al. 36702-0531
Current Mailing Address

_____

N/A (can receive texts only on Jail issued "Chirp"
Telephone Number 334-349-7726 (Text Messages only)

PLAINTIFF SHALL IMMEDIATELY ADVISE THE COURT IN WRITING OF ANY CHANGE IN HIS ADDRESS, E.G., RELEASED, TRANSFERRED, MOVED, ETC.  FAILURE TO NOTIFY THE COURT OF A NEW ADDRESS WILL RESULT IN THE DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE AND TO OBEY THE COURT'S ORDER.

7

Attachment A

List of Mail - outgoing and incoming
Never received or took extreme amount of time to be delivered

March 7, 2023 - Letter to Circuit Court Judge, never filed.
Nov. 1, 2024 - U.S. District Court sent Letter/Order, Not received until Nov. 27, 2024
Nov. 4, 2024 - U.S. District Court Mail, it sent as "Undeliverable". Sent on Oct. 16, 2024.
* Nov. 5th, 2024 - Dallas County Sheriff's Office Directed U.S. District Court to use its P.O. Box
Dec. 3, 2024 - U.S. District Court Mailed Order, received on 12-20-24
Nov. 18, 24 & Dec. 6, 24 - Notice of Appeal mailed to Circuit Court, never filed.
March 5, 24 - Letter to U.S. D.O.J., never received responce.
March 7, 24 - Letter to Ala. Att. Gen., Never received responce.
Nov. 1, 2024 - Letter to Ala. Att. Gen., Never received responce.
Dec. 9, 2024 - Letter to District Court Judge Perkins about lawsuit and the need of certian documents, never received response.
Dec. 9, 2024 - Letter to Mc Phillip-Shimbaum about lawsuit and the need of copies of letters sent in 2020, never received responce.
Jan 24th, 2025 - Letter to sister in Texas not received until April 2025!
Jan. 23, 2025 - Received Order from U.S. District Court mailed Jan. 1, 2025.
Mar. 31, 2025 - Received Order from U.S. District Court mailed on Mar. 21, 2025.
Mar. 21, 2025 - Letter to Attorney never received responce. Att. Elliott O. Lipinsky.
Apr. 24, 2025 - Letter to Ala. Att. Gen. Never received responce.
Apr. 25, 2025 - Ala. Crt. of. Crim. App. issued Order, did not know until I called on June 9th, 2025 and received on June 18th, 2025 (Please see Attachment B)
May 12, 2025 - Letter to Att. Madison Thomas, Never received responce.
May 22, 2025 - Motion to U.S. District Court, received?
May 21, 2025 - Letters to A.C.L.U. and U.S. D.O.J. Never received responce.
May 22, 2025 - Complaint to Judicial Inquiry Comission, no responce
June 3, 2025 - Letter to sister in Texas, not yet received.
June 5, 2025 - Letter to Ala. State Law Library, no responce received.

↓

Attachment 5

# ALABAMA COURT OF CRIMINAL APPEALS

CR-2025-0100

Ex parte Danny Louis Eldridge

PETITION FOR WRIT OF MANDAMUS

(In re: State of Alabama v. Danny Louis Eldridge)

Dallas Circuit Court No. CC-19-167

## ORDER

Danny Louis Eldridge filed this petition for a writ of mandamus requesting that this Court direct the Dallas Circuit Clerk to forward to this Court a notice of appeal that he says, he filed below.

This mandamus petition is filed against a circuit clerk. According to § 12-17-24, Ala. Code 1975, the Presiding Judge of the Dallas Circuit Court, the Honorable Marvin Wayne Wiggins, has direct supervisory authority over "clerks ... and other court employees of the circuit and district courts within the circuit." In accordance with § 12-17-24, Ala. Code 1975, this petition is hereby **TRANSFERRED** to the Presiding Judge of the Dallas Circuit Court for that court to consider this supervisory writ.

Done this 25th day of April, 2025.

Mary B. Windom

MARY B. WINDOM, PRESIDING JUDGE

cc: Hon. Marvin Wayne Wiggins, Presiding Circuit Judge
    Hon. Lynnethia Robinson Bennett, Circuit Clerk
    Robert H. Turner, Jr., District Attorney
    Danny Louis Eldridge, pro se
    Office of the Attorney General

*Handwritten annotation:* Called Ala. Crt. of Crim. App. on June 9th to inquire about this case and found out about this order I didn't receive. I asked for a copy to be sent to me and I received it on June 18th. To date this has not been addressed by Judge Wiggins nor was Notice of Appeal forwarded to Court of Appeal.

Attatchment C

List of Past & Present Medications (Psychiatric Meds)
Wellbutrin (Present)
Buspar (Present)
Seroquel (Past)
Respidol (Past)
Zanax (Past)
Prozac (Past)
Remaron (Past)
Haldol (Past)
Ridalin (Past)
Aderol (Past)
Cogentin (Past)
Millaril (Past)
Clonadine (Past)

These are the ones I can Remember being on from childhood to the present.

Danny L. Eldridge : Detainee
% Dallas County Sheriff's Office
P.O. Box 531
Selma, Al. 36702-0531



Montgomery P&DC 360
MON 11 AUG 2025 PM

United States District Court
Southern District Of Alabama
CLERK
155 St Joseph Street
Mobile, Alabama 36602

Legal Mail