IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANNY ELDRIDGE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 2:24-cv-194-KD-B |
| | ) | |
| SHERIFF MICHAEL GRANTHUM, | ) | |
| et. al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## SPECIAL REPORT OF DR. SAI NAMBURU

Dr. Sai Namburu responds to Plaintiff Danny Eldridge's Amended Complaint (Doc. 35) pursuant to this Court's February 10, 2026 Order (Doc. 41):

## I.     INTRODUCTION.

Danny Eldridge is a pre-trial detainee at facilities operated by Dallas County, Alabama. Eldridge claims Dr. Namburu was deliberately indifferent to his medical and mental health needs during his detention. Dr. Namburu submits this Special Report along with a supporting affidavit. This Special Report should be converted to a summary judgment under Rule 56 of the Federal Rules of Civil Procedure, and Eldridge's claims against Dr. Namburu dismissed, with prejudice. The undisputed evidence before this Court reflects Dr. Namburu's care and treatment of Eldridge.

The undisputed evidence is void of any evidence suggesting Dr. Namburu was deliberately indifferent to Eldridge's medical or mental health needs.

## II.     RELEVANT FACTS AND CIRCUMSTANCES.

### A.     Summary of Complaint.

Eldridge's Third Amended Complaint (Doc. 35) asserts a range of unfounded complaints during the time period April 5, 2019 to the present. These unfounded complaints concern jail conditions, and medical and mental health care (Id. at p. 6-8). The following allegations arguably involve Dr. Namburu:

- Alleged removal from "as needed" Tylenol list on June 14, 2025,

- Alleged refusal to send him to the hospital or migraines on July 10, 2025 (Id. at ¶3),

- Alleged failure to send Eldridge for mental health care at Cahaba Mental Health[1] (Id. p. 5 ¶1A),

- Alleged refusal to order a knee brace (Id. p. 8 ¶ 8).

### B.     DR. NAMBURU's Statement of Facts.

Dr. Namburu became medical director for Dallas County Jail, Dallas County Juvenile Detention Center, and Perry Varner Educational and Treatment Facility on March 19, 2025 and began seeing patients at that time. (Exhibit A., Aff. Dr. Namburu). Dr. Namburu has no control over jail conditions, including the

---

[1] Eldridge claims this was a "recent" occurrence; no date provided. Doc. 35, p. 5 ¶1A

temperature of the facility, access to law libraries, stamps, and he has no control over the flow of mail in or out of the facility. Dr. Namburu provides care to patients as requested by nursing staff and others, and prescribes medications as needed. However, Dr. Namburu has no involvement with the actual administration of medications at the facility.

Dr. Namburu reviewed Eldridge's medical records submitted by the county defendants (Doc. 42-5) and the claims set out in Eldridge's Third Amended Complaint (Doc. 35). Dr. Namburu is familiar with Eldridge and familiar with the care he provided to Eldridge at the county facility.

Dr. Namburu's standing order authorizing nursing staff to provide Tylenol for headaches is reflected in a sick call request as early as July 7, 2025. (Doc. 42-5 p. 60). Dr. Namburu never removed or revoked any standing order for Tylenol for Eldridge.

On December 26, 2025, Eldridge submitted a sick call request complaining about a "hangnail" and complaining about only getting one Tylenol for headaches. (Doc. 42-5 p. 27) Dr. Namburu was asked to see Eldridge on December 31, 2025 and he did so (Id. at p. 28). Dr. Namburu's Physician Encounter Note from December 31st reflects that Eldridge complained of pain in his left thumb and migraines. Dr. Namburu prescribed Bactrim for the left thumb infection, and 2 tabs of Tylenol as needed for Eldridge's migraines. (Id.)

Based on Dr. Namburu's education, training, experience, and familiarity with Eldridge's medical condition, he did not believe, and currently does not believe, further medical care or treatment (including a referral for outside medical care) for migraines or mental health care is indicated for Eldridge. Furthermore, based on his education, training, experience, and familiarity with Eldridge's medical condition, he did not believe, and currently does not believe, a knee brace is indicated for Eldridge.

Based on Dr. Namburu's education, training, experience, and familiarity with Eldridge's medical condition, it is Dr. Namburu's expert medical opinion that Eldridge's migraines should be monitored and Tylenol provided as needed. Dr. Namburu's expert opinion is that Eldridge's mental health should continue to be monitored as it has been along with any other medical complaints he may have.

Dr. Namburu's medical care and treatment of Eldridge has at all times met applicable standards of medical care. At no time has Dr. Namburu's medical care and treatment of Eldridge fallen below the applicable standard of medical care. Dr. Namburu's care and treatment of Eldridge reflects that he was not deliberately indifferent to Eldridge's medical or mental health needs. And, during Dr. Namburu's tenure as medical director, Eldridge's medical and mental health care has been ongoing and continuous.

## III.   GROUNDS IN SUPPORT OF DISMISSAL.

Eldridge's §1983 complaint argues Dr. Namburu failed to provide proper medical and psychological care. (Doc. 35 p. 10). To prevail on this claim, Eldridge must show Dr. Namburu was deliberately indifferent to a serious medical need. In turn, to establish deliberate indifference to a serious medical need, Eldridge must show an objectively serious medical need and that the defendant acted with deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976). The Plaintiff must meet both an objective and a subjective standard of proof in establishing deliberate indifference to a serious medical need. *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). As with any tort claim, the plaintiff must also show the defendant's wrongful conduct caused an injury. Hale v. Tallapoosa Cnty., Ala., 50 F.3d 1579, 1582 (11th Cir. 1995).

Deliberate indifference requires more than negligence, medical malpractice, or a disagreement with medical judgment. *Id*.; *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985). Deliberate indifference requires proof that a defendant had subjective knowledge of a substantial risk of serious harm and disregarded that risk by conduct more culpable than negligence. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Burnette v. Taylor*, 533 F.3d 1325, 1330–31 (11th Cir. 2008).

The objective component of a deliberate indifference claim requires Eldridge establish: 1) an objectively serious medical need that, if left unattended, poses a

substantial risk of serious harm, and 2) the defendant's response to that need was poor enough to constitute an unnecessary and wanton infliction of pain. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

Eldridge has the burden of proving the existence of a serious medical condition. *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Nam Dang by & through Vina Dang v. Sheriff, Seminole Cty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)). "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" Id. (quoting *Farrow*, 320 F.3d at 1243).

Here, Eldridge argues Dr. Namburu failed to treat his headaches and vague mental health issues. Other than a conclusory claim of "pain and suffering" The Eleventh Circuit "has consistently held that conclusory allegations without specific supporting facts have no probative value." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (quoting *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)). Eldridge has not established these conditions are serious medical needs. Without evidence of a serious medical condition, Eldridge's claims are due to be dismissed to the extent the claims rely upon a serious medical need.

Even if Eldridge proves the existence of a serious medical need, Eldridge must also show Dr. Namburu's response to his serious medical need was poor enough to constitute an unnecessary and wanton infliction of pain and not merely accidental inadequacy, "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice." *Estelle*, 429 U.S. at 105–06, 97 S. Ct. at 291–92. "Medical treatment [is deliberately indifferent] only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citation omitted). The Constitution does not require that medical care be "perfect" or the "best obtainable." Id. at 1510.

Here, Eldridge claims Dr. Namburu did not prescribe Tylenol for his headaches and did not refer him for outside mental health care. His arguments amount to nothing more than a difference of opinion concerning his medical care and do not reflect an absence of care. Disagreements over the type of care rendered by medical personnel fall well short of establishing a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97 (1976); Evans v. Jefferson County Comm'n, 2012 U.S. Dist. LEXIS 67737, *17 (N.D. Ala. May 15, 2012) (differences of opinion as to how a condition should be treated does not give rise to a constitutional violation.). Where medical care is provided, courts are reluctant to second-guess the adequacy of that care. *Harris v. Thigpen*, 941 F.2d 1495, 1505

(11th Cir. 1991). A difference of opinion between an inmate and medical staff regarding diagnosis or treatment does not constitute deliberate indifference. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). Therefore, the Plaintiff's contention that he should have received different care does not rise to the level of deliberate indifference.

Even if this Court finds the instant matter involves delayed medical care, delay, or denial of medical treatment for superficial, non-serious physical conditions does not support a constitutional violation. *Hill v. Dekalb County Regional Detention Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) overruled on other grounds, *Hope v. Pelter,* 536 U.S. 730 (2002). Eldridge must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. *Hill*, 40 F.3d 1176. The Eleventh Circuit has held that "[t]he tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." Id. (citing *Harris v. Coweta County*, 21 F.3d 388, 393–94 (11th Cir.1994)). Eldridge's complaint is void of any claim—much less medical evidence—that Dr. Namburu's alleged denial of medical care had some detrimental effect on Eldridge. Therefore, Eldridge cannot prevail on a deliberate indifference claim against Dr. Namburu.

Even if this Court determines Eldridge had a serious medical need, his claims are still due to be dismissed. The subjective component of deliberate indifference

requires Eldridge to establish: 1) subjective knowledge of a risk of serious harm, 2) disregard of that risk, and 3) the conduct committed by the defendant was more than merely negligent. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

The deliberate indifference standard is subjective, requiring Eldridge to show Dr. Namburu was aware of a substantial risk to his health—"the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Imputed or collective knowledge cannot serve as the basis of a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person knew." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008).

A defendant who is aware of substantial risk of serious harm will be deliberately indifferent only if he disregards the risk by conduct that is more than mere negligence. *Nam Dang*, 871 F.3d 1280. In the context of a claim arising out of the alleged denial of mental care, deliberate indifference may rise from the refusal to provide care; an unreasonable delay in providing care; or care that is "so cursory as to amount to no treatment at all."   Id. (quotations and citations omitted). "However, medical treatment violates the Constitution only when it is 'so grossly incompetent, inadequate, or excessive as to show the conscience or to be intolerable to fundamental fairness.'" Id. (quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th

Cir. 1986)).  The subjective elements of a deliberate indifference claim ensure that accidental inadequacy, negligent diagnosis or treatment, and even medical malpractice are not actionable under § 1983. *Taylor*, 221 F.3d at 1258.

A defendant's subjective awareness of a risk of harm can be determined based on circumstantial evidence, including "the very fact that the risk was obvious." Farmer v. Brennan, 511 U.S. 825, 842 (1994). If a particular risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it," such evidence permits a trier of fact to conclude that the officials had actual knowledge of the risk. Id. at 842–43.

The subjective component of a deliberate indifference claim also requires Eldridge establish Dr. Namburu disregarded a risk of harm to him and was wanton or willful in doing so. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). Again, the subjective elements of a deliberate indifference claim ensure that negligence is not actionable under § 1983. *Taylor*, 221 F.3d at 1258.

Even if the Defendants knew or should have known of the risk of harm, there is no evidence Dr. Namburu disregarded any risk of harm to Eldridge and no evidence of wanton or willful conduct. The record clearly reflects Dr. Namburu provided meaningful medical care addressing Eldridge's needs. There is simply no

evidence Dr. Namburu disregarded a risk of harm to Eldridge or that he acted acted wantonly or willfully.

Finally, to prevail on a claim of deliberate indifference to a serious medical need, Eldridge must demonstrate "causation between [Dr. Namburu's alleged deliberate] indifference and [Eldridge's] injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). Here, other than conclusory claims of "pain and suffering" (Doc. 35 p. 13), Eldridge has not plead any factual allegations of physical injuries[2] and has not plausibly demonstrated "the detrimental effect of delay in medical treatment." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994), overruled in part on other grounds by *Hope v. Pelzer*, 536 U.S. 730, 739 n.99 (2002). "Because [Eldridge] [makes] no [non-conclusory allegation of] additional harm caused by [any alleged] delay in treatment[,] [his] deliberate indifference to medical needs claim[ ] fails." *Bowers v. Gomez*, 178 F.3d 1299, at *1 (9th Cir. 1999). For all these reasons, Eldridge's deliberate indifference claim against Dr. Namburu fails as a matter of law.

## III.    CONCLUSION

The undisputed evidence establishes that Eldridge received ongoing and responsive medical and mental health care from Dr. Namburu, and Dr. Namburu did

---

[2] "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2005).

not act with deliberate indifference. Eldridge's Complaint (Doc. 35) is due to be dismissed on its face and is further disproved by the evidence now before the Court. Therefore, Dr. Namburu requests this Honorable Court either dismiss Eldridge's Complaint, with or without prejudice, or, in the alternative, enter a judgment in Dr. Namburu's favor on all claims alleged against him in this matter.

## ANSWER

Having filed the above Special Report as ordered by this Honorable Court, Dr. Namburu hereby submits the following Answer to the Complaint (Doc. 35), and states as follows:

All allegations not expressly admitted by Dr. Namburu are denied. Dr. Namburu pleads the following affirmative defenses:

1. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the Defendant denies each and every material allegation of the Complaint not heretofore controverted and pleads the general issue.

2. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the Defendant pleads not guilty.

3. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the Plaintiff failed to state a claim upon which relief can be granted.

4. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the applicable statutes of limitations, rule of repose, and/or laches bars the causes of action asserted in the Complaint.

5. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, Plaintiff's claims are preempted and/or otherwise barred and precluded by Alabama law and federal law.

6. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the Plaintiff failed to mitigate damages.

7. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the Plaintiff's alleged injuries and/or damages were proximately or solely caused by the actions and/or omissions of someone other than Defendant and over whom Defendant possesses no right of supervision or control and for whose acts Defendant is not legally responsible.

8. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the Defendant's liability cannot be predicated upon the doctrine of respondeat superior or upon any similar theory because any injuries and/or damages suffered by the Plaintiff was proximately or solely caused by acts which were not and are not within the line and scope of any employment at the Defendant's business, or in furtherance of Defendant's business.

9. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the statutory, contractual, and/or administrative conditions precedent to filing this action have not been met.

10. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the Plaintiff's alleged damages are speculative and impossible to ascertain or allocate.

11. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the Plaintiff's alleged injuries and/or damages occurred as a result of pre-existing medical conditions, causes and/or injuries completely unrelated to any act of omission or commission plead in the complaint. The existence of these pre-existing medical conditions, causes, or injuries are plead as a bar to, or in mitigation of, any recovery.

12. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the doctrine of unclean hands is plead as an affirmative defense in this case.

13. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the Plaintiff's alleged injuries and/or damages were proximately caused by an "efficient intervening cause."

14. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, all defenses asserted by other defendants are adopted to the extent they are applicable to the claims purportedly asserted against the Defendant.

15. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, Defendant reserves the right to amend this Answer and assert additional defenses, affirmative defenses, and/or counterclaims.

16. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, no unlawful policy, custom, or practice of Defendant caused the alleged injury in this action.

17. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the claims in the current

cause of action are barred because compliance with the heightened specificity requirements of Rule 8 in § 1983 cases against persons sued in their individual capacities was not followed.

18. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, Defendant asserts the protections, burdens, and immunities under the provisions, separately and severally, of the Alabama Medical Liability Act, the Alabama Medical Liability Act of 1987, and the Alabama Medical Liability Act of 1996, including all amendments to those Acts, and specifically pleads in defense to this action the applicability of Ala. Code §§ 6-5-481, 6-5-482, 6-5-484, 6-5-486, 6-5-487, 6-5-488, 6-5-542, 6-5-543, 6-5-544, 6-5-545, 6-5-546, 6-5-547, 6-5-548, 6-5-549, 6-5-549.1, 6-5-550, 6-5-551, and 6-5-552.

19. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, Plaintiff's claims have not pled as required by the Alabama Medical Liability Act ("AMLA"). *See* ALA. CODE § 6-5-551.

20. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the sole proximate causes of the Plaintiff's injuries and damages are events, conditions, physiology, reactions, and medical conditions which could not have been reasonably

anticipated in the exercise of reasonable care, and/or were the result of an unavoidable accident or occurrence.

21. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the Defendant pleads any medical release, and the doctrines of informed consent and informed risk of outcome.

22. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the Defendant asserts the learned intermediary doctrine.

23. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the conduct alleged in the Complaint is insufficient for a recovery of punitive damages.

24. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions: a) the Commerce Clause of Article I, Section 8 of the United States Constitution; b) the Contracts Clause of Article I, Section 10 of the United States Constitution; c) the prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution; d) the Supremacy Clause of Article VI of the United States Constitution; e) the Free Speech Clause

of the First Amendment of the United States Constitution; f) the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; g) the Takings Clause of the Fifth Amendment of the United States Constitution; h) the Right to Counsel of the Sixth Amendment of the United States Constitution; i) the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; j) the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution; k) the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and l) similar or corresponding provisions of the Constitution of this State.

25. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, no act or omission alleged in the Complaint was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

26. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the imposition of joint and several liability for an award of punitive damages violates its rights of due process and equal protection under the United States Constitution and Alabama Constitution. See ALA. CODE §§ 6-11-20 to -24.

27. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, to the extent the

Complaint seeks the imposition of punitive damages, the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001) *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and similar cases from the Supreme Court of this State; *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007) are adopted by reference.

28. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, because of the lack of clear standards, any imposition of punitive damages would be unconstitutionally vague and/or overbroad.

29. Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, claims for punitive damages are subject to the limitations and requirements of State law.

Respectfully submitted,

*s/ M. Jansen Voss*
M. Jansen Voss
(ASB-6815-E68V)(VOS001)

**OF COUNSEL**:
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
T (205) 795-6588  F (205) 328-7234
mjvoss@csattorneys.com

Gulf Coast Office:
Christian & Small LLP
1 Timber Way, Suite 101
Daphne, AL 36527

## CERTIFICATE OF SERVICE

I certify on March 12, 2026, I served a copy of this document and any attachments on counsel for all parties via electronic filing or by placing same in the United States Mail, properly addressed and first-class postage prepaid to:

Danny Eldridge
Dallas County Sheriff's Office
Post Office Box 531
Selma, AL 36702
*Pro Se*

C. Richard Hill, Jr.
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8043
Facsimile:(334) 241-8243
Email: rick.hill@chlaw.com

*/s/ M. Jansen Voss*
**OF COUNSEL**